UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. CV 16-3622 PSG (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

On May 24, 2016, Petitioner John Wesley Williams ("Petitioner"), a state prisoner incarcerated at California State Prison – Sacramento, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)

The Petition does not challenge Petitioner's underlying conviction or the duration of Petitioner's confinement. Rather, the Petition alleges that Dr. Jodi Larman, a prison psychologist at California State Prison, Los Angeles County ("CSP-LAC") falsely reported that she feared for her personal safety after learning that Petitioner had requested information about her from the California

///

1

Board of Psychology. (Pet. at 7.)[1] According to the Petition, Dr. Larman's statements resulted in Petitioner's retaliatory transfer to California State Prison, Sacramento ("CSP-SAC"). (Pet. at 8.) The Petition further asserts that Petitioner's transfer was in violation of multiple California codes and regulations. (Pet. at 6, 12, 14.) Based on the allegations in the Petition, it appears that Petitioner asks this Court to vacate Dr. Larman's report so that he may be transferred back to CSP-LAC.

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484–86 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody." )). As a result, federal habeas relief is unavailable "where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody.'" *Skinner v. Switzer*, 562 U.S. 521, 534–35 (2011) (alterations in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)); *see also Blair v. Martel*, 645 F.3d 1151, 1157–58 (9th Cir. 2011). Federal habeas review is similarly unavailable where a petitioner seeks review of state-law issues. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also* 28 U.S.C. 2254(a).

Here, the requested relief would not result in Petitioner's immediate release, his accelerated release, or a reduction in his level of custody. Rather, success on his claims would simply culminate in his transfer back to his prior place of incarceration, CSP-LAC. Moreover, the Petition indicates that Petitioner's current security level designation is the same as it was prior to Dr. Larman's report. (Pet.

---

[1] All citations to filings in this case refer to the pagination provided by the Court's electronic docket. Additionally, while Petitioner has attached to the Petition documents labeled "exhibits," for ease of reference the Court simply treats the Petition and all its attachments as one document.

at 31.) Thus, relief on Petitioner's claims would not reduce his level of custody. Finally, Petitioner's assertion that the Court should grant him habeas relief on the basis that Respondent's actions violated California regulations is untenable, as federal courts may not entertain habeas claims alleging errors of state law. *McGuire*, 502 U.S. at 67. Based on the foregoing, the Court finds that Petitioner's claims are not cognizable under 28 U.S.C. § 2254.

The Court has the discretion to construe the Petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729–30 (9th Cir. 1974). However, Plaintiff already has "three strikes" under 28 U.S.C. § 1915(g) and cannot file civil rights complaints without prepayment of filing fees. *See Williams v. Soto*, 2014 WL 985814, *1 (N.D. Cal. Mar. 7, 2014). Therefore, the Court declines to construe this habeas petition as a civil rights complaint.

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

**Petitioner is expressly warned that continued filings of non-cognizable petitions will result in further limitations on his ability to file cases in this Court.** *See* C.D. Cal. R. 83-8.

DATED: June 10, 2016

_____
PHILIP S. GUTIERREZ
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge

3